■ KEVIN J. O'CONNELL et al., Appellants, et al., Plaintiff, v 1140 MANAGEMENT CORP. et al., Respondents. [706 NYS2d 141] —In an action, *inter alia*, for a judgment declaring that the defendants have no right to terminate the plaintiffs' tenancies, the plaintiffs Kevin J. O'Connell, Joseph Sing, and Manny Mannivanan appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated December 23, 1998, which granted the defendants' motion for summary judgment on the counterclaim, denied their cross motion for summary judgment, and directed the entry of an appropriate judgment.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that upon the foreclosure of the underlying mortgage, the proprietary leases to which the plaintiffs were parties were canceled (*see, Federal Home Loan Mtge. Corp. v New York State Div. of Hous. & Community Renewal,* 87 NY2d 325, 331; *see also,* Bergman, Mortgage Foreclosure § 37.09 [2] [a]; DiLorenzo, New York Condominium and Cooperative Law § 1:2 [2d ed]). Unlike the situation in *Federal Home Loan Mtge. Corp. v New York State Div. of Hous. & Community Renewal (supra),* in which the building formerly owned by a cooperative corporation was subject to rent regulation, the cancellation of the proprietary leases in this case leaves no practical way of determining the rent, which is an essential term of any lease (*see, e.g., Martin Delicatessen v Schumacher,* 52 NY2d 105). Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.